■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SANTO BLANDO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 15, 1963 after a jury trial, convicting him of robbery in the first degree and imposing sentence upon him as a second felony offender. Judgment reversed on the law and the facts, and a new trial granted. In our opinion, the failure of the court, when the defendant appeared for sentence, to order a hearing on the question of his sanity as of the time the crime was committed or as of the time of trial or during both such periods was error. While the fact that a short time after the end of the trial the defendant had been certified to be insane and committed to Matteawan State Hospital did not, in and of itself, establish that he was insane when he committed the crime or when he was tried, it was sufficient to require a hearing on the issue (cf. *People* v. *Boundy*, 10 N Y 2d 518, 521). It is undisputed that defendant was taken into custody at approximately 8:00 P.M. on May 19, 1959 and was not arraigned until the morning of May 21, 1959, although he could have been arraigned during the intervening morning of May 20. The confession admitted into evidence was dated May 21, 1959. Under the circumstances, we think that reversible error was committed when, after defendant's request, the trial court refused to charge that any unnecessary delay in arraignment is forbidden by law and should be considered by the jury in determining the voluntariness of defendant's confession (*People* v. *Everett*, 10 N Y 2d 500, 507; *People* v. *Vargas*, 7 N Y 2d 555, 566; *People* v. *Lovello*, 1 N Y 2d 436, 438). We are also of the opinion that the instructions given to the jury as to their consideration of the confession were inadequate. The jury was told only that they were to determine whether the confession was voluntary. There was no instruction as to their duty in the event they found the statement to have been made voluntarily, nor was there a converse instruction explaining their duty should they find the statement to have been made involuntarily (*People* v. *Kelly*, 8 A D 2d 478, 481). For the foregoing reasons, a new trial is required. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.